ARMOUR PACKING COMPANY, Respondent, v. THE READING FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 4 and June 15, 1896.

Insurance: CONTRACT: PROPORTION OF LIABILITY. The P. Company was to insure $3,000 of a total insurance of $8,000 to be secured; but only $2,000 additional was secured. *Held*, it assumed only such proportion to the $2,000 as the $3,000 bore to the $5,000 total insurance agreed to be secured.

*Appeal from the Jackson Circuit Court.*—Hon. John W. Henry, Judge.

AFFIRMED.

*W. F. Henry* for appellant.

Defendant contends that the total insurance on said property at the time of the fire was the aggregate amounts to which the companies limited their liability, to wit, the sum of $5,000. Suppose the property had been totally destroyed instead of only partially, then by the facts there would have been a loss of $10,000. What would have been the liability of each company in that case? Suppose as in this case the adjuster for the Phoenix Company should first adjust the loss as to that company. He would find a loss of $10,000 and his policy limited to $3,000, the Reading policy limited to $1,000, and the Knoxville policy limited to $1,000. He would say to assured, under the limitations in the Phoenix policy, the assured should have had $8,000 insurance, and he would adjust the loss as though there were $8,000 insurance in force. In that case the Phoenix would have to bear only three eighths instead of three fifths of the loss. But three eighths of $10,000 is $3,750, which is more than the face of its policy, and in that case the Phoenix would pay $3,000, the Knoxville $1,000, and the Reading $1,000—total $5,000. So, had the loss been total the total insurance without question would have been $5,000.

*James Black* and *Pratt, Ferry & Hagerman* for respondent.

There was but $5,000 of insurance thereon when there should have been $8,000, made up of the defend-

ant's $1,000, the Knoxville Company, $1,000, the Phoenix Company, $3,000, and the plaintiffs' $3,000. It is plain, therefore, that the Phoenix Company agreed, up to the sum of $3,000, to pay three eighths of any loss. As the loss in this instance was $2,200, the Phoenix Company became liable to pay, and did in fact pay three eighths thereof, or $825, leaving unpaid $1,375, of which there was due from the defendant $687.50, and from the Knoxville Company $687.50. In this way plaintiffs are made whole. According to defendant's claim plaintiffs were entitled to receive from it but $440 or one fifth of the loss. The same amount, upon the same reasoning, would be due from the Knoxville Company. This would make $880, which added to the $825 due and received from the Phoenix Company would make plaintiffs receive $1,705 out of a total loss of $2,200, thereby giving to defendant and the Knoxville Company the benefit of a special provision in the policy of the Phoenix Company which was not inserted in their policies. Such an advantage can not be obtained without a contract to that effect.

SMITH, P. J.—This case was tried in the court below on the following facts agreed:

I. Plaintiffs are now, and were at all times hereinafter mentioned, partners, doing business as Armour Packing Company, and were owners of the property hereinafter mentioned as insured and damaged by fire.

II. That on the eleventh day of December, 1891, the defendant, by its duly authorized agents at Kansas City, Missouri, issued its policy of insurance to plaintiffs, and that the portions of said policy material to the issues in this case read as follows:

"The Reading Fire Insurance Company of Reading, in consideration of the stipulations herein named, and of $15 premium, does insure the Armour Packing

Company for the term of one year from the eleventh day of December, 1891, at noon, to the eleventh day of December, 1892, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding $1,000, on the following described property, while located and contained as described herein, and not elsewhere, to wit:   On their cattle and hog viaduct extending from their yard adjacent to their packing establishment, to their stock yards in Kansas City, Kansas.  *  *  *  Other insurance permitted. *  *  *  This company shall not be liable under this policy for a greater proportion of any loss on the described property  *  *  *  than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property."

III.    It is further agreed that on the eleventh day of December, 1891, the Knoxville Insurance Company issued to plaintiff its policy of insurance covering the same property, and that so far as the issues in this case are involved, the said Knoxville policy is in all respects concurrent with the policy of defendant, the material portions of the policy being as follows:

"The Knoxville Fire Insurance Company of Knoxville, Tennessee, in consideration of $15, hereby insures Armour Packing Company against loss or damage by fire to the amount of $1,000, as follows:  *  *  *  In no case shall the claim be for a greater sum than the actual damage to or cash value of the property at the time of the fire, nor shall the insured be entitled to recover of this company any greater portion of the loss or damage than the amount hereby insured bears to the whole sum insured on said property, whether such insurance be by specific or by general or floating policies, and without reference to the solvency or liability of other insurers."

IV.   It is further agreed that on the ninth day of March, 1892, the Phoenix Insurance Company of Brooklyn, New York, in consideration of a premium of $60, issued its policy of insurance to plaintiffs covering on the same property, the material portions of the policy reading as follows:

"By this policy of insurance the Phoenix Insurance Company of Brooklyn, New York, in consideration of the conditions, limitations, and requirements of this policy hereinafter mentioned, and of the receipt by said company of $60, will indemnify Armour Packing Company against loss, or damage by fire, to the following specified and located property only, to an amount not exceeding the actual cash value of the property herein described, at the time of such loss, and in no event to exceed $3,000.  *  *  *  It is part of the consideration of this policy, and the basis upon which the rate of premium is fixed, that the assured shall maintain insurance on the property covered by each item of this policy to the extent of at least eighty (80) per cent of the actual cash value thereof, and that failing so to do, the assured shall be an insurer to the extent of such deficit, and to that extent shall bear their proportion of any loss.  *  *  *  In case of other insurance upon the property herein described, whether made prior or subsequent to the date of this policy (whether valid or not) the assured shall be entitled to recover of this company no greater proportion of the loss sustained than the sum hereby insured bears to the whole amount insured thereon."

V.   It is further agreed that on or about the twenty-seventh day of August, 1892, and while all of the aforesaid policies were in full force, the said property covered was damaged by fire without the fault of plaintiff to the amount of $2,200, and this was the amount of loss by said fire; and that prior to and up to

the time of the fire, during the lives of all of said policies, and at the time of such fire, the actual cash value of the said property covered by the said several policies was ten thousand dollars ($10,000) and there was no insurance thereon other than as stated herein.  It is agreed that the defendant admits a liability under its policy of one fifth of said loss and damage, to wit: in the sum of four hundred and forty dollars ($440), which amount the defendant has paid to plaintiff without prejudice to the right of plaintiff to make a claim for a total of $687.50, and without prejudice to the right of defendant to make a claim that it was liable for but said amount of $440.

VI.    After making proofs in proper form, on September 21, 1892, plaintiffs demanded the sum of $687.50 as the sum it claimed as due, and defendant paid as aforesaid the sum of $440.

VII.    It is agreed that the only question to be determined by the court in this cause is the amount of defendant's liability under its said policy, by reason of said fire, under the above statement of facts.

It is thus seen that the agreement with the Phoenix Company was that it would insure plaintiffs' property to the amount of $3,000, provided plaintiffs should place $5,000 more insurance elsewhere and thus carry a total insurance of $8,000.   Had these conditions been carried out, the Phoenix Company would have been bound to pay three eighths of the actual loss, $2,200, and the other companies the remaining five eighths. But plaintiffs failed to secure the $5,000 additional insurance, necessary to make the total amount $8,000, but only succeeded in placing $2,000 of the required $5,000.   Now the question is, under these altered conditions, for how much were the plaintiffs actually insured in the Phoenix Company, and what was the whole insurance?  If the Phoenix was to assume $3,000

of the risk, in case the other companies took $5,000, then when the latter only took $2,000, it is plain that the Phoenix Company only assumed such a proportion to the $2,000 actually taken by the other companies, as $3,000, the sum the Phoenix originally agreed to take (upon the conditions above stated), bears to $5,000, the amount plaintiffs agreed to place with the other companies. The rest is simply a question of mathematics. The problem worked out by the old "rule of three" shows the amount to be $1,200. The total amount of insurance, therefore, was $3,200, of which the Phoenix carried three eighths, or $1,200, and each of the other companies five sixteenths, or $1,000, and in such proportion the actual loss should be apportioned among the three companies—the Phoenix three eighths, or $825, and the Reading and the Knoxville companies, $687.50 each.

It therefore appears that the judgment of the circuit court was correct and must be affirmed. All concur.